IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NAVARRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-02651-BT |
| | § | |
| COMMUNITY CARE PARTNERS LLC, STEVE SOREY, and RANDY PHELPS, | § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Navarro, proceeding *pro se*, commenced this civil action in Texas state court against Community Care Partners, LLC (CCP) and CCP's co-founders, Randy Phelps and Steve Sorey. *See generally* Pet. (ECF No. 1-3). After Defendants timely removed the case to federal court on the basis of diversity jurisdiction, *see* Not. Removal 3–6 (ECF No. 1), CCP filed an Answer to Navarro's Petition, *see* Answer (ECF No. 6), and Sorey and Phelps each filed a Motion to Dismiss under Rule 12(b)(6). *See* Phelps Mot. Dismiss (ECF No. 7); Sorey Mot. Dismiss (ECF No. 8). Navarro did not file a written response to either motion, but the Court held a hearing on the motions and allowed Navarro an opportunity to make his arguments on the record. As explained more fully below, the Court finds that Navarro's Petition fails to state a claim for money had and received and quantum meruit. Thus, the Court **GRANTS** Sorey and Phelps's motions to dismiss.

1

**Background**

Navarro alleges that his company, Diagnostic Channel Partners LLC (DCP), was party to a contract with CCP, and that he later assigned the contract to himself in his personal capacity. *See* Pet. ¶¶ 12–15. Under the contract's terms, DCP (and later Navarro) would sell CCP's "Quiksal" screening kits and earn a commission. *Id.* ¶ 22; *see also* Compensation Agreement (ECF No. 1-3 Ex. 1). Navarro alleges that "Defendants excluded [Navarro] from follow-up communications [with Navarro's sales leads] to prevent [him] from earning commissions." Pet. ¶ 26. Based on these facts, Navarro asserts a breach of contract claim against CCP and claims for money had and received and quantum meruit against Sorey and Phelps. *See Id.* 7–10.

By their Motions to Dismiss, Sorey and Phelps argue that Navarro fails to state a claim for both money had and received and quantum meruit because such claims cannot be brought when an express contract covers the subject matter of the parties' dispute. Sorey Mot. Dismiss 3–6; Phelps Mot. Dismiss 3–6. Navarro offers no substantive challenge to Defendants' arguments.

**Legal Standards**

When deciding a Rule 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its

2

face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

    A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include documents attached to or incorporated in the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## Analysis

Money had and received and quantum meruit are both equitable causes of action. *Int'l Pecans, LLC v. Ultra Trading Int'l Corp.*, 2025 WL 211394, at *5 (W.D. Tex. Jan. 16, 2025) ("Both quantum meruit and money had and received are quasi-contract theories of liability . . . [which] are equitable in nature") (internal citations omitted). While a party can generally plead legal and equitable claims in the alternative, this applies "only when one party disputes the existence of a contract governing the dispute." *Assure re Intermediaries, Inc. v. Surplus Lines Agency, Inc.*, 2021 WL 2402485, at *6 (N.D. Tex. June 11, 2021). "[W]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory" because "quasi-contract actions *presuppose* no contract governs the dispute." *Villarreal v. First Presidio Bank*, 744 F. App'x 204, 206 (5th Cir. 2018) (citations and quotations omitted); *see also Int'l Pecans*, 2025 WL 211394, at *6 (citing *Dick v. Colo. Hous. Enters., L.L.C.*, 780 F. App'x 121, 126 (5th Cir. 2019) ("Where the existence of a contract is undisputed, courts may dismiss a plaintiff's quasi-contract claims at the pleading stage.").

Here, Navarro affirmatively pleads that a valid written contract covers the parties' dispute regarding the commissions allegedly owed to him. *See* Pet. ¶ 22. And Sorey and Phelps do not dispute that the contract at issue exists and is valid. *See* Sorey Mot. Dismiss 1; Phelps Mot. Dismiss 1. Accordingly, there can be no recovery under a quasi-contract theory, and Sorey and Phelps are entitled to dismissal of Navarro's claims for money had and received and quantum meruit—

4

the only claims Navarro asserts against them. *See Mercury Assocs., Inc. v. Primoris Servs. Corp.*, 2024 WL 920078, at *1–2 (N.D. Tex. Mar. 4, 2024) (dismissing unjust enrichment and money had and received claims that were based on plaintiff's "unsatisfactory performance of the parties' software contract" when the parties agreed there was a valid contract and the "alleged wrongdoing [was] comfortably within [its] the subject matter"); *Synergy Strategic Sols., LLC v. Totus Sols., Inc.*, 2019 WL 1406599, at *12 (N.D. Tex. Mar. 28, 2019) (granting motion to dismiss as to quantum meruit claim when plaintiff "offer[ed] no viable support for its argument that its claim for relief under quantum meruit is separate and distinct" from the parties' contract); *Hidden Values, Inc. v. Wade*, 2012 WL 1836087, at *11 (N.D. Tex. May 18, 2012) ("Because there is a contract that covers the subject matter of Wade's claim for money had and received, the claim fails as a matter of law").

## Conclusion

The Court **GRANTS** Defendants Sorey and Phelps's Motions to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

**SO ORDERED.**

January 28, 2025.

 _____
 REBECCA RUTHERFORD
 UNITED STATES MAGISTRATE JUDGE

5